IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ellen Hibberts, | ) | Case No. 6:23-cv-05171-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Emergency MD Associates, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court Defendant's motion to dismiss or stay and compel arbitration. ECF No. 4. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On December 1, 2023, the Magistrate Judge issued a Report recommending that the motion be to compel be granted and this action be dismissed. ECF No. 10. Plaintiff filed objections to the Report and Defendant filed a reply. ECF Nos. 11, 12.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Briefly, Plaintiff brings claims for sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964 and state law claims for defamation and defamation per se.  At issue is the arbitration provision in Plaintiff's employment contract.  As stated above, the Magistrate Judge recommends compelling the parties to arbitration.  Plaintiff objects and argues that the Magistrate Judge improperly broadened the arbitration provision and erred in finding her claims have a "significant relationship" to her employment contract. The Court will address each argument below.

The relevant portion of the employment contract states,

> Arbitration.  Any and all disputes arising under and/or related to the negotiation, drafting, execution, performance, and/or breach of this Agreement shall be submitted to binding arbitration, in lieu of litigation.

ECF No. 4-1 at 11.  The Magistrate Judge determined that the "arising out of or related to" language was sufficiently broad to encompass Plaintiff's claims.  Plaintiff objects and argues that the Magistrate Judge ignores the limiting language that follows "arising out of or related to."

Upon de novo review, the Court agrees, in part, with the analysis of the Magistrate Judge. Plaintiff points to the Ninth Circuit's decision in *Mediterranean Enterprises v. Ssanyong Corporation*, 708 F.2d 1458 (9th Cir. 1983), in which that court found that "arising hereunder" was a "relatively narrow" arbitration clause. However, this argument is misplaced because the case relied upon by the Magistrate Judge used language very similar to the language at issue in this case. *See Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d 88 (4th Cir. 1996) (noting that the language "arising out of or related to" constitutes a "broad arbitration clause[] capable of an expansive reach," and a "broad arbitration clause *d[oes] not limit arbitration to the literal interpretation or performance of the contract,* but embrace[s] every dispute between the parties having a significant relationship to the contract regardless of the label attached to the dispute." (internal quotation marks omitted)). Moreover, the Court agrees with the Magistrate Judge that Plaintiff's claims are related to her performance under the employment contract. Accordingly, this objection is overruled.

The Magistrate Judge further determined that Plaintiff's claims are subject to the arbitration provision because they have a "significant relationship" to the employment contract because the contract is the basis of Plaintiff's employment with Defendant and Plaintiff's claims relate to the circumstances of her employment. Plaintiff objects and argues that the arbitration agreement is narrow; therefore, it does not cover Plaintiff's claims. She further asserts that her claims arise from conduct predating and postdating the employment agreement; accordingly, her claims are not significantly related to the employment contract.

Upon de novo review, the Court agrees with the recommendation of the Magistrate Judge. With respect to Plaintiff's argument that the arbitration agreement is narrowly drawn, the Court has addressed this assertion above. Turning to Plaintiff's second argument, as noted by the Magistrate Judge, "the Amended Complaint essentially alleges that Plaintiff's superior sexually harassed her, she reported it, and Defendant retaliated against her for reporting it." ECF No. 10 at 6. The Court agrees with the Magistrate Judge that Plaintiff's claims arising contemporaneous with the negotiation, drafting, and signing of the agreement, and thereafter, including those that post-date her employment, are closely related to her employment with Defendant and are encompassed by the express scope of the employment contract. Accordingly, they are subject to the arbitration provision. The Court hesitates with respect to Plaintiff's allegations of conduct pre-dating the agreement. Upon consideration, the Court is of the opinion that additional information and argument is needed to decide whether conduct alleged to have occurred in the interview and shortly thereafter is covered by a contract not entered into weeks, if not months, later.

Therefore, upon review of the record, applicable law, and Report, the Court agrees with the recommendation of the Magistrate Judge, in part.[1] The motion to dismiss or stay and compel arbitration is **GRANTED in part** with respect to Plaintiff's claims arising on and after May 13, 2022 and **DENIED with leave to refile** as to Plaintiff's claims predating

---

[1] As noted by the Magistrate Judge, the parties do not dispute any of the other three elements required to compel arbitration.

May 13, 2022.[2]  Defendant is directed to file a second motion to compel arbitration addressing only Plaintiff's claims that predate May 13, 2022, within 14 days.  This matter is recommitted to the Magistrate Judge for a second Report and Recommendation on the issue of arbitration.[3]

      IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 30, 2024
Spartanburg, South Carolina

---

[2] The request to stay or dismiss this action is denied with leave to refile.  The decision to stay or dismiss will be made when the Court determines whether all or part of Plaintiff's claims are subject to the arbitration provision.

[3] In the interest of conservation of judicial resources and in light of the costs of arbitration, the direction to proceed to arbitration is stayed pending the Court's decision on Defendant's forthcoming motion.